[671 NYS2d 129]

In the Matter of LINDA A. SINGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 13, 1998

## APPEARANCES OF COUNSEL

*Frank A. Finnerty,* Syosset (*Dianne M. Saccone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 12

charges of professional misconduct. The Special Referee sustained Charges One, Two, Three, Four, Five, Six, Ten, Eleven, and Twelve and failed to sustain Charges Seven, Eight, and Nine. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted neither a cross motion nor any papers in response to the Grievance Committee's motion.

Charge One alleged that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Robert Gallagher retained the respondent in January 1985 to represent him in a personal injury action. The respondent filed a verified complaint on January 15, 1985, and thereafter obtained a default order and was directed to arrange an inquest to establish the plaintiff's injuries.

In February 1993 the client filed a complaint against the respondent alleging that he had heard nothing from the respondent since January 5, 1990, when he was informed that the matter was proceeding to trial. By letter dated April 9, 1993, the respondent indicated that she was in the process of filing the necessary papers directing the scheduling of an inquest. The respondent never filed the note of issue and the named defendant went out of business in March 1993.

The respondent's failure, for at least eight years, to file the requisite papers with the court in order to schedule an inquest severely prejudiced her client's ability to recover compensation for his injuries.

Charge Two alleged that the respondent failed to handle a legal matter entrusted to her in a competent manner to safeguard the interests of her client, in violation of Code of Professional Responsibility DR 6-101 (A) (1) and (2) (22 NYCRR 1200.30 [a] [1], [2]).

In the summons and complaint referred to in Charge One, the respondent erroneously named the Francella Furniture Refinishing Company as the owner and operator of the factory where the injuries to her client occurred. By failing to name the true owner as a defendant in the aforementioned personal injury matter, the respondent's client was barred by the Statute of Limitations from seeking compensation from the true owner and operator of the building.

Charge Three alleged that the respondent neglected a legal matter entrusted to her and severely prejudiced the client's

ability to recover compensation for her injuries, in violation of Code of Professional Responsibility DR 6-101 (A) (1) and (3) (22 NYCRR 1200.30 [a] [1], [3]).

Janet Fisher retained the respondent to represent her in a personal injury action on November 25, 1983. After Fisher wrote to the respondent expressing concern that litigation on her behalf was not yet commenced, the respondent filed a verified complaint on February 15, 1985. In May 1986, the respondent provided the client with a copy of the order and affirmation necessary to have her matter proceed to inquest. By letter dated March 26, 1987, in response to the client's inquiry, the respondent indicated that the matter was submitted to the court for preliminary findings, was awaiting the assignment of a Judge, and that she expected a resolution shortly. The client continued to request status updates in 1988 and 1989. By letter dated November 17, 1989, the respondent indicated that she hoped to have a court date soon and promised a more detailed response the following week.

On July 12, 1993, Ms. Fisher filed a complaint against the respondent alleging that although the respondent informed her that a judgment was obtained on her behalf, she was not informed when she could expect payment. The named defendant was dissolved on June 23, 1993.

By letter dated December 13, 1993, the respondent informed the Grievance Committee that she never obtained a judgment on the Fisher matter.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Notwithstanding the respondent's prior admission that a judgment was not obtained on the Fisher matter, she sent two notes to the client, dated April 15 and June 1, 1993, stating that a collection agency was retained for purposes of collecting from the defendant, and that the receipt of monthly statements from the collection agency would be forthcoming.

Charge Five alleged that the respondent neglected a legal matter entrusted to her by failing to bring a matter to an inquest hearing for a period of over 10 years, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Martin Liptak retained the respondent in June 1984 to represent him in a personal injury matter against Held Realty

Corp. The respondent completed service on the Secretary of State in 1985 and was directed to serve the defendant again in 1987. The defendant defaulted in September 1987 and the matter was to proceed to inquest.

By letters dated May 16, July 9, and November 24, 1993, the respondent assured Mr. Liptak that the inquest would be scheduled shortly. It was finally held on May 26, 1995, and a judgment was entered in June 1996.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

By stating in her letters to Mr. Liptak that an inquest would be scheduled shortly notwithstanding her failure to file for an inquest until 1995, the respondent misrepresented the status of the legal action in a deceitful and dishonest manner.

Charge Ten alleged that the respondent neglected a legal matter entrusted to her by failing to file a note of issue on a case pending since 1984 or to take depositions or settle the case, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Stuart and Bonnie Neiderman, Dorothy Nelson, and Hazel Anderson retained the respondent in 1983 to bring an action against the City of New York Board of Education, the City, and the District 32 School Board after being robbed at gunpoint in their classrooms. The respondent filed a verified complaint on June 7, 1983.

In July 1984, the respondent filed an order to show cause seeking to restrain the principal of the school in which the plaintiffs taught from harassing or threatening them during the pendency of their action, along with a petition. In August 1984, the Corporation Counsel cross-moved to dismiss the petition on the grounds of lack of in personam jurisdiction over the Board of Education, the principal, and the school, the plaintiffs' failure to exhaust their administrative remedies, and the fact that the proceeding was premature. On September 14, 1984, the petition was dismissed for failure to exhaust administrative remedies.

The Neidermans, Ms. Nelson, and Ms. Anderson thereafter filed complaints against the respondent, asserting that they were confused as to the present status of their case, inasmuch as the respondent previously asserted that their matter was pending on the Trial Calendar and/or near settlement, and

that their depositions were being scheduled. None of those events occurred.

The court file revealed that a note of issue had never been filed, thereby precluding the case from being placed on the Trial Calendar.

Charge Eleven alleged that the respondent acted in a deceitful, dishonest, fraudulent manner by misrepresenting the status of her clients' legal matter and the extent and content of her communications with her clients, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

By letters dated November 18 and November 20, 1991, the respondent indicated, first, her intention to proceed to trial, and, later, that the case was placed on the Trial Calendar.

In answer to the teachers' complaints against her, the respondent stated, by letter dated February 29, 1996, that at some unspecified time during her representation of these clients, a case was handed down which made it virtually impossible for teachers to recover from the Board of Education for assaults in schools by nonCity personnel. She allegedly discussed that development with her clients.

Ms. Nelson and the Neidermans denied ever being apprised by the respondent that their case was negatively affected by another legal decision. As late as 1995, the respondent assured them of a settlement.

The respondent's assurances that her clients' legal matter was proceeding to trial although she never filed a note of issue, and her belated reliance on an unnamed legal precedent to explain her failure to proceed, constitute deceitful, dishonest, and fraudulent conduct.

Charge Twelve alleged that the respondent engaged in conduct that adversely reflects on her fitness to practice law by failing to maintain a level of conduct in keeping with the Code of Professional Responsibility, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) as then applicable.*

In view of the evidence adduced and the respondent's admissions, the Special Referee properly sustained Charges One, Two, Three, Four, Five, Six, Ten, Eleven, and Twelve and the Grievance Committee's motion to confirm is granted.

---

* Now Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the years of personal abuse and emotional upheaval she sustained by virtue of her husband's manic depression, as well as the turmoil occasioned by her former law partner's decision to terminate their partnership and her secretary's institutionalization for drug abuse. The respondent also asks the Court to take into account the favorable references submitted on her behalf and the fact that none of her clients suffered any financial loss, however weak their cases may have been.

The respondent has been the subject of two Letters of Caution, dated January 7, 1994 and July 6, 1995, emanating from her neglect of legal matters entrusted to her and her failure to communicate with clients.

Under the totality of circumstances the respondent is suspended for three years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Linda A. Singer, is suspended from the practice of law for a period of three years, commencing May 13, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof that (a) during that period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Linda A. Singer, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.